**INTERNATIONAL PACKERS LIMITED,**
Plaintiff,

v.

**Harold E. HUGHES, Governor of Iowa
et al., Defendants.**

**Civ. No. 6–1724–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Jan. 9, 1967.

James E. Cooney and Kenneth H. Haynie, Des Moines, Iowa, and J. Bradley Colburn and James H. Lundquist, New York City, for plaintiff.

Lawrence F. Scalise, Atty. Gen. of Iowa, Wade P. Clarke, Jr., Asst. Atty. Gen. of Iowa, and John R. Ward, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION

Before VAN OOSTERHOUT, Circuit Judge, and STEPHENSON and HANSON, District Judges.

STEPHENSON, District Judge.

This action was instituted by International Packers Limited (International) and John Thallon & Co., Inc.[1] seeking declaratory judgment that Chapter 7, Laws of the Sixtieth General Assembly of the State of Iowa, Extraordinary Session,[2] violates the Constitution of the United States. This Court entered an order on October 28, 1965 (effective October 31, 1965), granting a preliminary injunction in this matter which enjoined the defendants from enforcing the provisions of Chapter 7, Laws of the Sixtieth General Assembly of the State of Iowa, Extraordinary Session, pending final disposition of this case. Jurisdiction exists under 28 U.S.C. § 1331. This Court is vested with authority to render a declaratory judgment by 28 U.S.C. §§ 2201 and 2202. A three-judge court was convened pursuant to the provisions of 28 U.S.C. §§ 2281 and 2284.[3]

Plaintiff is engaged in foreign and interstate commerce as a dealer in imported meats. In the course of its business, plaintiff purchases meat which is grown, slaughtered, packaged and frozen in foreign countries, imports the meat into the United States,[4] and resells the same to customers throughout the United States, including customers in Iowa. International's customers include meat manufacturers and processors who often blend plaintiff's meat with domestic meats in order to obtain a final meat product. Such meats are then sold to the public through retail outlets. Plain-

1. John Thallon & Co., Inc., withdrew as a plaintiff in this matter on August 3, 1966. Any further reference to party plaintiff in this opinion will refer to International Packers Limited (International).

2. This enactment, which is now Section 191.9 of the Iowa Code provides as follows:

No meats, either fresh, canned, frozen or cured, which are products of any foreign country imported into the United States, or any meat products containing any such imported meat or meats, shall be sold or offered for sale in this state through any food establishment unless there shall be displayed in the place of business of such person, firm or corporation a conspicuous sign indicating that such meats or meat products are imported and unless there shall be placed labels or brands on each quarter, half or whole carcass of any such meat, and on each can, case or package containing any of the above-mentioned products, naming the country of its origin.

Any person, firm or corporation violating the provisions of this section shall be guilty of a misdemeanor and, upon conviction of a first offense thereof, shall be fined not less than twenty-five dollars and not more than one hundred dollars or by imprisonment in the county jail not exceeding thirty days.

For a second offense and each offense thereafter under this section such person, firm or corporation shall be punished by a fine of not less than one hundred dollars or not more than five hundred dollars or by imprisonment in the county jail not more than ninety days, or by both such fine and imprisonment.

3. A question was raised at the pretrial conference as to whether this case was properly before a three-judge court. A supremacy clause issue alone does not provide a basis for convening a three-judge court. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). After hearing and considering the evidence herein, the court finds that the claims of the plaintiff relating to the commerce clause and Fourteenth Amendment are not insubstantial. This case therefore was properly before a three-judge court. Brotherhood of Locomotive Engineers v. Chicago, R. I. & P. R.R., et al., 382 U.S. 423, 428, 86 S.Ct. 594, 15 L.Ed.2d 501 (1965).

4. Meats imported by plaintiff are marked and labeled as required by federal law. 19 U.S.C. § 1304(a). Imported meat after entry into the United States in compliance with federal rules and regulations is deemed and treated as domestic meat, subject to the Meat Inspection Act and the Food and Drug Act, 19 U.S.C. § 1306. Prior to admission into the United States imported meat is subjected to inspection by representatives of the federal government. 9 C.F.R. § 327.7–327.-17.

tiff also sells meat directly to the retailers.

The Iowa Meat Labeling Statute (now Section 191.9 of the Iowa Code) under attack by plaintiff requires that any food establishment selling or offering for sale in Iowa any meat or meat product containing any meat imported from any foreign country shall be guilty of a misdemeanor punishable by fine or imprisonment unless a conspicuous sign is displayed in the place of business indicating that such meat or meat products are imported and unless labels or brands naming the country of origin are placed on each one-quarter, one-half or whole carcass and on each can, case and package containing any imported meat. By its terms, the statute is made applicable to products containing any imported meat or meats so that if foreign meats are combined with domestically produced meats, the resulting product must be labeled to indicate country of origin of such portions of foreign origin.

■ Although the statutory provisions involved herein do not operate directly upon International, defendants concede that it has standing to sue as a plaintiff in this matter so long as it establishes damages exceeding the $10,-000 requirement of 28 U.S.C. § 1331. Prior to the passage of the Meat Labeling Act in 1964, plaintiff sold meat to various Iowa customers in an amount approximating $55,000 annually. After passage of the Act, plaintiff's customers refused to purchase its meat, giving as their reason the requirements of the Act. Within a short time sales in Iowa virtually ceased. Plaintiff has satisfied the jurisdictional requirement.[5]

Plaintiff contends that the Meat Labeling Act violates (1) the Commerce Clause of the United States Constitution by imposing an unreasonable burden and restriction upon foreign and interstate commerce; (2) the fourteenth amendment to the Constitution by depriving plaintiff of its property without due process of law and denying it the equal protection of the law; and (3) the supremacy clause by conflicting with congressional acts which have preempted the field by imposing various restrictions upon the importation of foreign meat. On this basis, plaintiff seeks a judicial determination that the Iowa Meat Labeling Act is unconstitutional and therefore void.

■■ In order to avoid violation of the commerce clause when enacting laws imposing burdens or restrictions upon interstate of foreign commerce, a state is required to enact regulatory measures which advance its inherent police power to protect the life, liberty, health or property of its citizens. Huron Portland Cement Co. v. City of Detroit, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960). Even when such a regulation advances legitimate interests of the state, it may still be violative of the commerce clause if the state regulatory enactment unduly and unreasonably burdens or restrains interstate commerce when evaluated in terms of the local or state interests it was designed to advance. Polar Ice Cream & Creamery Co. v. Andrews, 375 U.S. 361, 84 S.Ct. 378, 11 L.Ed.2d 389 (1964); Dean Milk Co. v. City of Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329 (1951).

The Iowa legislative act now under consideration is both burdensome and discriminatory. In addition to requiring all retailers who ultimately sell products containing plaintiff's imported meats to the consuming public to display a conspicuous sign in their place of business indicating that they are offering imported meats for sale, the Iowa statute requires that brands or labels be placed on "each quarter, half or whole carcass of any such [imported] meat, and on each can, case or package containing any of the above-mentioned products [products containing imported meats], naming the country of its origin." Enforcement of

─────────

5. Bantam Books, Inc. v. Sullivan, 372 U. S. 58, 64, N. 6, 83 S.Ct. 631, 9 L.Ed. 2d 584 (1963); Pierce v. Society of Sisters, etc., 268 U.S. 510, 534–536, 45 S.Ct. 571, 69 L.Ed. 1070 (1925).

this statutory provision would essentially eliminate the sale of imported meats in Iowa by the plaintiff. Retailers, fearing an adverse reaction from the consuming public, refuse to sell meat products containing imported meat if they are required to inform consumers that foreign meat is being sold. In addition, meat manufacturers and processors purchasing plaintiff's imported meats normally indiscriminately blend the imported meat with domestic meat to obtain a final meat product. The Labeling Act forces such handlers of plaintiff's imported meats to trace the use of such meat throughout their entire operation. The problems inherent in such a tracing operation cause processors and manufacturers to cease purchasing plaintiff's imported meats. The Iowa Meat Labeling Act thus imposes a burden upon interstate commerce. The question which now must be determined is whether the burden is justified in terms of Iowa's inherent power to protect the life, liberty, health and property of its citizens.

Defendants attempt to support the labeling legislation on the ground that it protects Iowa consumers from deception. Defendants premise their contention upon the assumption that consumers purchasing meat in Iowa believe that they are buying domestic meat. Defendants thus reason that failure to inform consumers as to when they are purchasing imported meats results in deception. Even if plaintiff's basic premise is accepted, there has been no showing that such deception, if any, results in injury or harm to the consuming public. It has not been established that the imported meat is inferior in quality to domestic meat. Even if it were inferior, the labeling statute is designed to inform the public only as to the origin of meat products containing imported meat—not as to the quality of that product. The statute primarily discriminates in favor of domestic meat and against meat imported from foreign countries.[6] This Court can find no legitimate state interest justifying the burden imposed upon interstate commerce by the Iowa Meat Labeling Act. The Iowa act violates the commerce clause of the Constitution of the United States [7] and is therefore void and unenforceable.

Judgment will be entered accordingly.

---

6. See, Ness Produce Co. v. Short, 263 F. Supp. 586 (D.C.Or.1966) ; Tupman Thurlow Co. v. Moss, 252 F.Supp. 641 (M.D. Tenn.1966).

7. Since the decision herein was based on the commerce clause, it is unnecessary to consider the other contentions upon which plaintiff premises his attack upon the Iowa Meat Labeling Statute.